UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

SUDHIR KAKAR,

                Plaintiff,

    -against-

TRANS UNION LLC.,

               Defendant.
----------------------------------------------------X

**REPORT AND RECOMMENDATION**

04-CV-1329 (ERK) (LB)

BLOOM, United States Magistrate Judge:

Plaintiff brings this *pro se* action alleging defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").[1] Defendant moves for summary judgment under Fed. R. Civ. P. 56. The Honorable Edward R. Korman referred this motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §636(b). It is recommended that defendant's motion for summary judgment should be granted and the complaint should be dismissed.

## BACKGROUND

Plaintiff alleges that defendant included incorrect information on his credit report. On November 3, 2003, defendant sent plaintiff a copy of his consumer file which listed that his accounts were in good standing. See Declaration of Shirley Hickman, Senior Investigator at Trans Union at ¶ 4, dated August 16, 2004, annexed as Exhibit A to motion for summary judgment ("Hickman Declaration"). Thereafter, plaintiff applied for a $25,000.00 business loan from Capital One which

---

[1] Plaintiff filed this action in the Small Claims Part of the Civil Court of the City of New York, Queens County ("Small Claims Part") in March 2004. On March 29, 2004, defendant removed the matter to this Court. Plaintiff's motion to remand the matter was denied by Order dated June 14, 2004.

1

was denied based on a credit report from defendant which listed that plaintiff had an outstanding debt of $2,042.00 with Capital One. See Plaintiff's Opposition to Motion for Summary Judgment, Exhibit B.[2] ("Plaintiff's Opposition"). On December 3, 2003, plaintiff telephoned Trans Union to dispute the Capital One account reported. On December 4, 2003, Trans Union sent Capital One an automated consumer dispute verification ("ACDV") which notified Capital One that plaintiff disputed ownership of the account. Hickman Declaration at 2, ¶ 7. On December 6, 2003, Capital One instructed Trans Union to delete the account from plaintiff's record, and defendant notified plaintiff of the result of the reinvestigation. Id. at 2, ¶ 8.

Although plaintiff admits that defendant removed the incorrect information from his credit report in early December 2003, plaintiff alleges he already suffered harm. See Plaintiff's Opposition at 3. Specifically, plaintiff states that he was denied the loan and was unable to re-apply for a low interest business loan for a period of six months because of the error on his Trans Union credit report. Moreover, plaintiff states that the interest rate of the business loan he was denied would have been 6.5 percent for a period of seven years, compared with the 22-24 percent interest he is now paying to the credit card company which ultimately gave him a loan. Id.

Defendant moves for summary judgment and plaintiff was given the requisite notice pursuant to Local Rule 56.2.

## DISCUSSION

### Summary Judgment Standard

Summary judgment is appropriate if there is no genuine material issue of fact requiring a trial

---

[2] On July 20, 2004, plaintiff submitted a letter to this Court in which he explained that he was leaving the United States to seek medical treatment. By Order dated July 27, 2004, I directed that plaintiff's letter be filed as his opposition to defendant's motion for summary judgment, and provided plaintiff with additional time to supplement his opposition, which plaintiff did not do.

2

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)); see Celotex Corp. v. Cadrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

"When a motion for summary judgment is made and supported ..., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita, 475 U.S. at 586-87. In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252).

Courts must review *pro se* pleadings liberally and interpret them "to raise the strongest arguments that they suggest." See e.g., Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). This is especially true in the summary judgment context when a *pro se* plaintiff's

claims are subject to a final dismissal. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988) ("Special solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment.").

**Fair Credit Reporting Act**

Trans Union is a credit reporting agency ("CRA") within the meaning of the Fair Credit Reporting Act of 1968. See 15 U.S.C. §§ 1681, 1681a-1681u. Trans Union gathers information about consumers from various sources, consolidates the information in a database and provides consumer credit history reports to creditors considering extending credit to a particular consumer. The FCRA creates a private right of action against credit reporting agencies for the negligent, see 15 U.S.C. § 1681o, or willful, see id. § 1681n, noncompliance with any duty imposed by the Act and allows recovery for actual damages as well as attorney's fees and costs.[3] See Casella v. Equifax Credit Info. Services, 56 F.3d 469, 473 (2d Cir. 1995).

When a consumer disputes information contained in a CRA's credit report, the CRA is required to reinvestigate and confirm, correct or delete the disputed information. 15 U.S.C. § 1681i(a)(1)(A). The CRA must notify the furnisher[4] of the disputed information of the substance of the dispute and provide it with all relevant information received from the consumer. 15 U.S.C. § 1681i(a)(2)(A) (B). If the information is determined to be inaccurate, incomplete or unverifiable, the CRA must delete the information or otherwise appropriately modify the report. 15 U.S.C. §

---

[3] Even if he prevailed, plaintiff would not be entitled to recover attorney's fees because he represents himself in this action. See McCauley v. Trans Union LLC, No. 02 Civ. 4042, 2003 WL 22845741, at *2 n. 4 (S.D.N.Y. Nov. 26, 2003) (citing Hawkins v. 1115 Legal Svc. Care, 163 F.3d 684, 694-95 (2d Cir. 1998)).

[4] Furnishers of information also have a duty to provide accurate information, and correct inaccuracies when notified by a CRA. Trikas v. Universal Card Services Corp., 351 F.Supp.2d 37, 41 (E.D.N.Y. 2005).

4

1681i(a)(5)(A).

Here, plaintiff alleges that Trans Union failed to fulfill its duties under the Act by not following reasonable procedures to assure the accuracy of his credit report as required by 15 U.S.C. §1681e(b). Section 1681e(b) states: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

For plaintiff's claim to survive defendant's motion for summary judgment, he must present evidence that: (1) that there was inaccurate information in his consumer credit report, (2) that the inaccuracy was due to Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy, (3) that he suffered actual damages and (4) that those damages were caused by inclusion of the inaccurate entry. Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996); McCauley v. Trans Union LLC, No. 02 Civ. 4042, 2003 WL 22845741, at *2 (S.D.N.Y. Nov. 26, 2003); see also King v. MTA Bridges & Tunnels, 933 F.Supp. 220, 225 (E.D.N.Y. 1996) (plaintiff seeking to prove a violation of § 1681e(b) must demonstrate that "the consumer reporting agency was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report," in addition to the reporting of inaccurate information, injury and causation); Whelan v. Trans Union Credit Reporting Agency, 862 F.Supp. 824, 829 (E.D.N.Y. 1994).

Trans Union argues that since they did not have notice of a potential inaccuracy in plaintiff's report until December 3, 2003, when plaintiff contacted Trans Union to dispute the Capital One account, defendant cannot be held liable for any losses plaintiff incurred before that date. The FCRA does not make a CRA strictly liable for mistaken information supplied to them. Sarver v. Experian Information Solutions, 390 F.3d 969, 971 (7th Cir. 2004) (citing Henson v. CSC Credit

5

Services, 29 F.3d 280, 284 (7th Cir. 1994)) (Act "'does not make reporting agencies strictly liable for all inaccuracies'") (quoting Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991)). A consumer reporting agency's obligation under the Act is to employ reasonable procedures, not perfect ones. 15 U.S.C. § 1681(b); § 1681i(a)(5)(C); Sarver, 390 F.3d at 972 ("given the complexity of the [consumer credit reporting] system and the volume of information involved, a mistake does not render the procedures unreasonable").

Here, even if Trans Union did report inaccurate information on petitioner's credit report, he must also present evidence that Trans Union failed to follow reasonable procedures in preparing the credit report. See Podell, 914 F.Supp. at 1032. Plaintiff fails to present any evidence that defendant failed to follow reasonable procedures in investigating his claim. Trans Union did not have notice of a potential inaccuracy in plaintiff's report until December 3, 2003, when plaintiff contacted Trans Union to dispute the Capital One account listed. On December 4, 2003, Trans Union sent Capital One an ACDV, which notified Capital One that plaintiff disputed ownership of the account. On December 6, 2003, Capital One responded to the ACDV and instructed Trans Union to delete the account information.

Accordingly, Trans Union fulfilled its obligation under the Act to reinvestigate in a timely manner, and therefore Trans Union cannot be held liable for the denial of plaintiff's loan application in November 2003. Casella, 56 F.3d at 474 ("[N]either Equifax nor Trans Union violated the FCRA before they were contacted by Casella ...."); Caltabiano v. BSB Bank & Trust Co., 387 F.Supp.2d 135, 140 (E.D.N.Y. 2005).

### Damages

Plaintiff claims that he is entitled to damages because he "suffered enormous losses because of defendant's inefficiency." See Plaintiff's Opposition at 3. To show willful noncompliance with

the FCRA, a plaintiff must show that the defendant acted in "conscious disregard" of the consumer's rights or that the defendant's noncompliance with the FCRA was "deliberate and purposeful." See Casella, 56 F.3d at 476; see also McCauley, 2003 WL 22845741, at *3. Moreover, to maintain a damage claim under the FCRA, plaintiff bears the burden of demonstrating "actual damages sustained" as a result of the defendant's activities. See Casella, 56 F.3d at 473.

Here, plaintiff simply alleges that defendant's procedures were unreasonable and therefore he concludes that defendant violated the Act. Plaintiff alleges in conclusory fashion that as a result, he has suffered credit denials, lost opportunity and emotional distress. However, plaintiff fails to present evidence that defendant violated the Act, and therefore, plaintiff is not entitled to statutory, emotional distress or punitive damages under 15 U.S.C. § 1681n. Accordingly, defendant's motion for summary judgment should be granted and plaintiff's claims under the FCRA should be dismissed.

### Business Loan

Moreover, plaintiff states that the credit application which he was denied was to secure a business loan, not a personal loan. See Plaintiff's Opposition at 3; Exhibit B. It is well established that when the purpose for a credit report is commercial, rather than for personal, family or household purposes, as defined by 15 U.S.C. § 1681a (d)(1), the report is not a "consumer report,"[5] and the

---

[5] The Act defines the term
"consumer report" as, any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes, or (B) employment purposes, or (C) other purposes authorized under section 1681a(d) of this title.

FCRA does not apply. See Matthews v. Worthen Bank & Trust Co., 741 F.2d 217, 219 (8th Cir. 1984) (FCRA does not apply to a credit report obtained in connection with a business transaction); Frost v. Experian and TRW, Inc., No. 98 CIV. 2106, 1999 WL 287373, at *5 (S.D.N.Y. May 6, 1999); Podell, 914 F.Supp. at 1036 ("it is generally held that a plaintiff may not recover under the FCRA for losses resulting from the use of the credit report solely for a commercial transaction"); Boothe v. TRW Credit Data, 523 F.Supp. 631, 633 (S.D.N.Y. 1981) ("It is clear from its legislative history that the [FRCA] was intended to apply only to reports which relate to the consumer's eligibility for personal credit or other commercial benefits as a consumer, and not to the consumer's business transactions.").

Accordingly, credit reports used to acquire commercial or business loans are not subject to the FCRA. As plaintiff sought credit for a business loan and not for a personal loan, this is another basis for dismissal of plaintiff's FCRA action.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that defendant's motion for summary judgment should be granted and plaintiff's complaint should be dismissed in its entirety.

---

15 U.S.C. § 1681(d).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

_____
LOIS BLOOM
United States Magistrate Judge

Dated: December 30, 2005
       Brooklyn, New York